Bobby Saadian, SBN 250377
bobby@wilshirelawfirm.com
Justin F. Marquez, SBN 262417
justin@wilshirelawfirm.com
Robert J. Dart, SBN 264060
rdart@wilshirelawfirm.com
Thiago M. Coelho, SBN 324715
thiago@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiffs*
*and Proposed Class*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE ANDERSON, JAKE THOMAS, TOM AINSWORTH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KIMPTON HOTEL & RESTAURANT GROUP, LLC, a Delaware corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

*IHG takes your privacy seriously and works to protect you.*

- Kimpton Hotel & Restaurant Group, LLC, Privacy Agreement

Plaintiffs Michelle Anderson Jake Thomas, Tom Ainsworth ("Plaintiffs"), individually and on behalf of all others similarly situated, bring this action based upon personal knowledge as to themselves and their own acts, and as to all other matters upon information and belief, based upon, *inter alia*, the investigations of his attorneys.

## NATURE OF THE ACTION

1.     As of March 2018, Kimpton Hotels & Restaurants ("Defendant") owned or managed 66 properties in the world.  Every day, hundreds of customers book hotel rooms with Defendant through Defendant's centralized reservation system.  Consumers expect the highest quality of services and discretion when booking a hotel room with Defendant.  What consumers did not expect is that during the period between August 10, 2016 and March 9, 2017, their personal information would be collected by an unauthorized third party.  The data of customers that stayed at Defendant's hotels was accessed and misused due to a data breach.

2.     Plaintiffs, individually and on behalf of those similarly situated persons (hereafter "Class Members"), bring this Class Action to secure redress against Defendant for its reckless and negligent violation of customer privacy rights.  Plaintiff and Class Members are customers who booked hotel reservations with Defendant during the period of August 10, 2016 to March 9, 2017 ("Data Breach").

3.     Plaintiffs and Class Members suffered injuries.  The security breach compromised hotel customers' full name, credit and debit card account numbers, card expiration dates, card verification codes, emails, phone numbers, full addresses, and other private identifiable information ("PII").

4.     As a result of Defendant's wrongful actions and inactions, customer information was stolen.  Plaintiffs and Class Members who booked rooms at

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

Defendant's hotels have had their PII compromised, have had their privacy rights violated, have been exposed to the risk of fraud and identify theft, and have otherwise suffered damages.

5.      Further, Plaintiffs and Class Members did not receive the full benefit for the cost of their reservation, since proper security measures were not taken, and the value of their PII has been diminished.

## THE PARTIES

6.      <u>Plaintiff Michelle Anderson</u> is a California citizen residing in San Benito, California.  Plaintiff is a long-time customer of Defendant who has given her PII to Defendant. One of her reservations was to Kimpton's Sir Francis Drake Hotel in San Francisco, California during the time of the Data Breach.  Shortly after and during that time, Plaintiff's PII was accessed by hackers by accessing Defendant's database or server.  Hackers proceeded to misuse her PII.  As a result, Plaintiff has to purchase credit and personal identity monitoring service to alert her to potential misappropriation of her identity and to combat risk of further identity theft. At a minimum, Plaintiff has suffered damages because she will be forced to incur the cost of monitoring service.  Exposure of Plaintiff's PII has placed her at imminent, immediate and continuing risk of further identity theft-related harm, including through "phishing."  Further, Plaintiff would not have reserved a room with Defendant's hotel if she had known of the improper security or the data breach during the time of the booking, she instead would have booked her room at another hotel.  Finally, Plaintiff's PII value has been diminished due to the breach and misuse.  Plaintiff has experienced signs that her PII has already been misused. Plaintiff had only given consent to give her PII to Defendant for one reason: to reserve a room at the hotel of her choice, and nothing more.

7.      <u>Plaintiff Jake Thomas</u> is an Arizona citizen residing in Mesa, Arizona. Plaintiff is a long-time customer of Defendant who has given his PII.  Some of his reservations during the time of the Data Breach include:

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

3

i.   Kimpton Buchanan in San Francisco, California;

ii.   Kimpton Solamar in San Diego, California;

iii.   Kimpton Amara Resort and Spa in Arizona;

iv.   Kimpton Monaco in Denver, Colorado;

v.   Kimpton Monaco in Philadelphia, Pennsylvania;

vi.   Kimpton Ink48 in New York; and

vii.   Kimpton Van Vandt in Texas.

8.      Shortly after and during that time, Plaintiff Jake Thomas' PII was accessed by hackers through Defendant's database or server.  Hackers proceeded to misuse his PII in various ways.  As a result, Plaintiff has to purchase credit and personal identity monitoring service to alert him to potential misappropriation of his identity and to combat risk of further identity theft.  At a minimum, Plaintiff has suffered damages because he will be forced to incur the cost of monitoring service. Exposure of Plaintiff's PII has placed him at imminent, immediate and continuing risk of further identity theft-related harm, including through "phishing."  Further, Plaintiff would not have reserved any hotel rooms with Defendant if he had known of the improper security or the data breach during the time of the booking, he instead would have booked his room at another hotel.  Finally, Plaintiff's PII value has been diminished due to the breach and misuse.  Plaintiff has experienced signs that his PII has already been misused.  Plaintiff had only consented to provide his PII to Defendant and only to Defendant for one reason: to reserve rooms at the hotel of his choice.

9.      Plaintiff Tom Ainsworth is a California citizen residing in Danville, California.  Plaintiff is a long-time customer of Defendant who has given his PII to Defendant. One of his reservations was to Kimpton's Sir Francis Drake Hotel in San Francisco, California during the time of the Data Breach.  Shortly after and during that time, Plaintiff's PII was accessed by hackers by accessing Defendant's database or server.  Hackers proceeded to misuse his PII, and Plaintiff has multiple

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

fraudulent activities on the same account that was used to make reservation to Defendant's hotel. As a result, Plaintiff has to purchase credit and personal identity monitoring service to alert him to potential misappropriation of his identity and to combat risk of further identity theft. At a minimum, Plaintiff has suffered damages because he will be forced to incur the cost of monitoring service. Exposure of Plaintiff's PII has placed him at present as well as imminent, immediate and continuing risk of further identity theft-related harm, including through "phishing." Further, Plaintiff would not have reserved a room with Defendant's hotel if he had known of the improper security or the data breach during the time of the booking, he instead would have booked her room at another hotel. Finally, Plaintiff's PII value has been diminished due to the breach and misuse. Plaintiff's PII has been misused by the hackers that hacked Defendant's database. Plaintiff had only given consent to give his PII to Defendant for one reason: to reserve a room at the hotel of his choice, and nothing more.

10.    Plaintiffs brings this action on their own behalf and on behalf of all others similarly situated, namely all other individuals who have made a booking at any of Defendant's hotels during the period of August 10, 2016 to March 9, 2017.

11.    Defendant Kimpton Hotel & Restaurant Group is a Delaware limited liability corporation, with its headquarters at 222 Kearny Street, #200, San Francisco, CA, 94108. Defendant conducts a large amount of its business in California, and the United States as a whole.

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction over the state law claims asserted herein pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), since some of the Class Members are citizens of a State different from the Defendant and, upon the original filing of this complaint, members of the putative Plaintiff class resided in states around the country; there are more than 100 putative class members; and the amount in controversy exceeds $5 million.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

13.     The Court also has personal jurisdiction over the parties because, on information and belief, Defendant conducts a major part of its national operations with regular and continuous business activity in California, through a number of hotels and with an advertising budget not exceeded in other jurisdictions throughout the United States.

14.     Venue is appropriate in this District because, among other things: (a) Plaintiff Michelle Anderson is a resident of this District and a citizen of this state; (b) Defendant directed its activities at residents in this District; and (c) many of the acts and omissions that give rise to this Action took place in this judicial District for reservations in this district.

15.     Venue is further appropriate in this District pursuant to 28 U.S.C. § 1391 because Defendant conducts a large amount of its business in this District, and because Defendant has substantial relationships in this District.

## SUBSTANTIVE ALLEGATIONS

### A. The Kimpton's Data Breach

16.     Kimpton uses an online reservation system that facilitates the booking of hotel reservations made by its customers through hotels, online travel agencies, and similar booking services.   On July 28, 2017, Defendant informed its customers, including Plaintiffs, that hackers may have accessed reservation information between August 10, 2016 and March 9, 2017, and the unlawful access may have involved payment card information for hotel reservations, including names, card numbers, card expiration dates, car security codes, email addresses, phone numbers, and mailing addresses.

17.     In addition to the eight-month period, the unauthorized third-parties would have had access to booking information up to 60 days prior to the breach, as the online reservation system only deletes reservation details 60 days after the hotel stay.

18.     Over <u>millions</u> of consumers that frequent Kimpton's website looking to make hotel reservations, Kimpton collects massive amounts of confidential and personal information from internet users.  For each new online reservation or hotel booking Kimpton requires that consumers provide first and last names, telephone number, address and email address to secure the hotel reservation. Consumers are also required to reserve the hotel with sensitive information using a payment card. Kimpton's credit and debit safety provides an assurance that payment information collected is secured, stated by Defendant itself, "**Credit and Debit Card Safety** We at IHG are committed to keeping your personal information safe . . . [i]t encrypts all of your personal information, including payment card number, name, and address, so that it cannot be read as the information travels over the Internet." Attached hereto as **Exhibit A**, Privacy Agreement.

19.     Additionally, when reserving a hotel reservation, consumers are required to certify that they have read and accept the Terms of Use and Privacy Statement before their hotel reservation can be confirmed.  Consumers have a reasonable expectation that required information provided will be kept safe.

20.     According to Kimpton's Privacy Agreement:

**How we secure your information**
We are committed to protecting the confidentiality and security of the information that you provide to us. To do this, technical, physical and organizational security measures are put in place to protect against any unauthorized access, disclosure, damage or loss of your information. The collection, transmission and storage of information can never be guaranteed to be completely secure, however, we take steps to ensure that appropriate security safeguards are in place to protect your information.

21.     Consumers place value in data privacy and security, and they consider it when making decisions on what hotel to use for lodging and hospitality. If Plaintiffs had the foreknowledge that Kimpton does not take all obligatory precautions to properly safeguard PII from unauthorized access as promised in their Privacy Agreement they could have made other decisions on where to stay for

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

travel.   Absent this information, Plaintiffs were unable to make an informed decision on whether or not to stay at Kimpton Hotels.

22.   Kimpton was fully aware of the importance of data protection.  In its Privacy Agreement, Kimpton promises consumers that it takes their privacy "seriously" and implements systems and procedures to safeguard user's personal information.  According to Kimpton's own Privacy Agreement: "the privacy and security of your information is very important to us. Whether you are booking a room or are a member of one of our loyalty programs, we want you to trust that the information that you have provided to us is being properly managed and protected." *Id*.  Further explained, "**Data Privacy and Site Security**[:]  IHG takes your privacy seriously and works to protect you. All personal information you provide is encrypted and secure."[1]

23.   Plaintiffs and Class Members read the Privacy Agreement as well as relied on it and agreed to it prior to reserving their hotel rooms.

24.   Kimpton misrepresented its data security practices that Plaintiffs relied on or were misled by the representation that adequate safeguards were in place to protect sensitive information.  As demonstrated by its security breach, Plaintiffs private and sensitive PII was left inadequately protected by Kimpton, and improperly disclosed to unauthorized parties.  As a result of this, Plaintiffs were placed in continuing and increased risk of harm of rampant identity theft and identity fraud.   Kimpton misled consumers into believing their sensitive information would remain safe when booking or reserving a hotel online as well as not disclosed to unauthorized parties.

### B. Stolen Information Is Valuable to Hackers and Thieves

25.   It is well known, and the subject of many media reports, that payment card data is highly coveted and a frequent target of hackers.  Especially in the

---

[1] Although IHG is Kimpton's parent company, all customers are directed to IHG's Privacy Agreement from Kimpton's website.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

technology industry, the issue of data security and threats thereto is well known. Despite well-publicized litigation and frequent public announcements of data breaches, Defendant opted to maintain an insufficient and inadequate system to protect the PII of Plaintiff and Class Members.

26.    Plaintiffs and Class Members value their PII, as in today's electronic-centric world, their PII is required for numerous activities, such as new registrations to websites, or opening a new bank account, as well as signing up for special deals.

27.    Legitimate organizations and criminal underground alike recognize the value of PII.  Otherwise, they would not aggressively seek or pay for it.

28.    Credit or debit card information is highly valuable to hackers.  Credit and debit card information that is stolen from the point of sale are known as "dumps."  *See* Krebs on Security April 16, 2016, Blog Post, *available at* https://krebsonsecurity.com/2016/04/all-about-fraud-how-crooks-get-the-cvv/, attached hereto as **Exhibit B**.  Credit and debit card dumps can be sold in the cybercrime underground for a retail value of about "$20 apiece."  *Id.*  This information can also be used to clone a debit or credit card.  *Id.*

29.    Once someone buys PII, it is then used to gain access to different areas of the victim's digital life, including bank accounts, social media, and credit card details.  During that process, other sensitive data may be harvested from the victim's accounts, as well as from those belonging to family, friends, and colleagues.

30.    In addition to PII, a hacked email account can be very valuable to cyber criminals.  Since most online accounts require an email address not only as a username, but also as a way to verify accounts and reset passwords, a hacked email account could open up a number of other accounts to an attacker.[2]

---

[2] Identity Theft and the Value of Your Personal Data, Trend Micro (Apr. 30, 2015), https://www.trendmicro.com/vinfo/us/security/news/online-privacy/identity-theft-and-the-value-of-your-personal-data.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

31.     As shown below, a hacked email account can be used to link to many other sources of information for an identity thief, including any purchase or account information found in the hacked email account.[3]



32.     Hacked information can also enable thieves to obtain other personal information through "phishing."  According to the Report on Phishing available on the United States, Department of Justice's website: "AT&T, a large telecommunications company, had its sales system hacked into, resulting in stolen order information including full names and home addresses, order numbers and credit card numbers. The hackers then sent each customer a highly personalized e-mail indicating that there had been a problem processing their order and re-directing them to a spoofed website where they were prompted to enter further information, including birthdates and Social Security numbers."[4]

---

[3] Brian Krebs, The Value of a Hacked Email Account, Krebs on Security (June 13, 2013, 3:14 PM), https://krebsonsecurity.com/2013/06/the-value-of-a-hacked-email-account/.
[4] https://www.justice.gov/archive/opa/docs/report_on_phishing.pdf

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

### C. The Data Breach Has and Will Result in Additional Identity Theft and Identity Fraud

33.     Defendant failed to implement and maintain reasonable security procedures and practices appropriate to protect the PII of Plaintiffs and the Class Members.   Further, Defendant disclosed PII to unauthorized parties which they lacked the consent to do so.

34.     The ramification of Defendant's failure to keep Plaintiffs and the Class Members' data secure is severe.

35.     According to Javelin Strategy and Research, "one in every three people who is notified of being a potential fraud victim becomes one . . . with 46% of consumers who had cards breached becoming fraud victims that same year."  2013 Identity Fraud Report, attached hereto as **Exhibit C**.  "Someone Became an Identity Theft Victim Every 2 Seconds Last Year," Fox Business, Feb. 5, 2014 *available* at http://www.foxbusiness.com/personal-finance/2014/02/05/someone-became-identitytheft-victim-every-2-seconds-last-year.html attached hereto as **Exhibit D**.

36.     It is incorrect to assume that reimbursing a consumer for a financial loss due to fraud makes that individual whole again.   On the contrary, after conducting a study, the Department of Justice's Bureau of Justice Statistics ("BJS") found that "among victims who had personal information used for fraudulent purposes, 29% spent a month or more resolving problems."  *See* "Victims of Identity Theft," U.S. Department of Justice, Dec 2013, *available at* https://www.bjs.gov/content/pub/pdf/vit12.pdf attached hereto as **Exhibit E**.   In fact, the BJS reported, "resolving the problems caused by identity theft [could] take more than a year for some victims."  *Id*. at 11.

### D. Annual Monetary Losses from Identity Theft are in the Billions of Dollars

37.     Javelin Strategy and Research reports that losses from identity theft reached $21 billion in 2013.  Ex. C. There may be a time lag between when harm

occurs and when it is discovered, and also between when PII is stolen and when it is used. According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.

See GAO, Report to Congressional Requesters, at 33 (June 2007), *available* at *http://www.gao.gov/new.items/d07737.pdf*, attached hereto as **Exhibit F**.

38.     Plaintiffs and the Class Members now face years of constant surveillance of their financial and personal records, monitoring, and loss of rights. The Class is incurring and will continue to incur such damages in addition to any fraudulent credit and debit card charges incurred by them and the resulting loss of use of their credit and access to funds, whether or not such charges are ultimately reimbursed by the credit card companies.

### E.  *Plaintiffs and Class Members Suffered Damages*

39.     The data breach was a direct and proximate result of Defendant's failure to properly safeguard and protect Plaintiff's and Class Members' PII from unauthorized access, use, and disclosure, as required by various state and federal regulations, industry practices, and the common law.  The data breach was also a result of Defendant's failure to establish and implement appropriate administrative, technical, and physical safeguards to ensure the security and confidentiality of Plaintiff's and Class Members' PII to protect against reasonably foreseeable threats to the security or integrity of such information.

40.     Plaintiffs and Class Members would have reserved a different hotel if they were aware that their PII would not have been kept safe at the time of the

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

reservation. With multiple comparable hotels for similar or even lower prices than Kimpton, Plaintiffs and Class Members would have no difficulty finding a different hotel which would adequately protect their PII.

41. Plaintiffs and Class Members' PII is private and sensitive in nature and was inadequately protected by Defendant. Defendant did not obtain Plaintiffs' and Class Members' consent to disclose their PII, except to certain persons not relevant to this action, as required by applicable law and industry standards.

42. As a direct and proximate result of Defendant's wrongful action and inaction and the resulting data breach, Plaintiffs and the Class Members have been placed at an imminent, immediate, and continuing risk of harm from identity theft and identity fraud, requiring them to take the time and effort to mitigate the actual and potential impact of the subject data breach on their lives by, among other things, placing "freezes" and "alerts" with credit reporting agencies, contacting their financial institutions, or modifying financial accounts, and closely reviewing and monitoring their credit reports and accounts for unauthorized activity.

43. Defendant's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiffs' and the Class Members' PII, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

   a. Theft of their PII;

   b. The imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' PII on the Internet black market;

   c. The untimely and inadequate notification of the data breach;

   d. The improper disclosure of their PII;

   e. Loss of privacy;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

f.  Ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the data breach;

g.  Ascertainable losses in the form of deprivation of the value of their PII, for which there is a well-established national and international market;

h.  Overpayments to Defendant for bookings and purchases during the period of the subject data breach in that implied in the price paid for such booking by Plaintiffs and the Class Members to Defendant was the promise that some amount of the booking charge would be applied to the costs of implementing reasonable and adequate safeguards and security measures that would protect customers' PII, which Defendant and its affiliates did not implement and, as a result, Plaintiff and Class Members did not receive what they paid for and were overcharged by Defendant; and

i.  Loss of the benefit of the bargain in which Plaintiffs and Class Members would have chosen a different hotel for their booking if they were aware that their PII would have been stolen.

## CLASS ACTION ALLEGATIONS

44.   Plaintiffs bring this action on their own behalf and pursuant to the Federal Rules of Civil Procedure Rule 23(a), (b)(2), (b)(3), and (c)(4). Plaintiffs intend to seek certification of a California Class, Arizona Class, Colorado Class, Pennsylvania Class, New York class, and the Texas Class ("the Classes"). The Classes are initially defined as follows:

The California Class, initially defined as:

> All persons residing in California who booked rooms at any of Defendant's hotels from the time period August 10, 2016 to March 9, 2017 (the "California Class").

The <u>Arizona Class</u>, initially defined as:

> All persons residing in Arizona who booked rooms at any of Defendant's hotels from the time period August 10, 2016 to March 9, 2017 (the "Arizona Class").

The <u>Colorado Class</u>, initially defined as:

> All persons residing in Colorado who booked rooms at any of Defendant's hotels from the time period August 10, 2016 to March 9, 2017 (the "Colorado Class").

The <u>Pennsylvania Class</u>, initially defined as:

> All persons residing in Pennsylvania who booked rooms at any of Defendant's hotels from the time period August 10, 2016 to March 9, 2017 (the "Pennsylvania Class").

The <u>New York Class</u>, initially defined as:

> All persons residing in New York who booked rooms at any of Defendant's hotels from the time period August 10, 2016 to March 9, 2017 (the "New York Class").

The <u>Texas Class</u>, initially defined as:

> All persons residing in Texas who booked rooms at any of Defendant's hotels from the time period August 10, 2016 to March 9, 2017 (the "Texas Class").

45.     Excluded from each of the above Classes is Defendant, including any entity in which Defendant has a controlling interest, is a parent or subsidiary, or which is controlled by Defendant, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendant.  Also excluded are the judge and the court personnel in this case and any members of their immediate families.  Plaintiffs reserve the right to amend the Class definitions if discovery and further investigation reveal that the Classes should be expanded or otherwise modified.

46.     *Numerosity*. Fed. R. Civ. P. 23(a)(1). The members of the Classes are so numerous that the joinder of all members is impractical.  While the exact number of Class Members is unknown to Plaintiffs at this time, Defendant has acknowledged that customers' PII was stolen for a period of 8 months.  The

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

disposition of the claims of Class Members in a single action will provide substantial benefits to all parties and to the Court. The Class Members are readily identifiable from information and records in Defendant's possession, custody, or control, such as reservation receipts and confirmations.

47.     *Commonality*. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Classes, which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a.     Whether Defendant, on the one hand, and Plaintiffs and Class Members, on the other hand, had an enforceable contract;

b.     Whether Defendant breached its contracts with Plaintiffs and Class Members by improperly sharing or transmitting the PII of Plaintiffs and Class Members to unauthorized entities or persons;

c.     Whether Defendant took reasonable steps and measures to safeguard Plaintiffs' and Class Members' PII;

d.     Whether Defendant violated California's Unfair Competition Law by failing to implement reasonable security procedures and practices;

e.     Whether Defendant violated common and statutory law by failing to promptly notify Class Members that their PII had been compromised;

f.     Which security procedures and which data-breach notification procedure should Defendant be required to implement as part of any injunctive relief ordered by the Court;

g.     Whether Defendant knew or should have known of the security breach prior to the disclosure;

h.     Whether Defendant has complied with any implied contractual obligation to use reasonable security measures;

i.     Whether Defendant's acts and omissions described herein give rise to a claim of negligence;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

j.    Whether Defendant knew or should have known of the security breach prior to its disclosure;

k.    Whether Defendant had a duty to promptly notify Plaintiff and Class Members that their PII was, or potentially could be, compromised;

l.    What security measures, if any, must be implemented by Defendant to comply with its contractual obligations;

m.    The nature of the relief, including equitable relief, to which Plaintiff and the Class Members are entitled; and

n.    Whether Plaintiff and the Class Members are entitled to damages, civil penalties, and/or injunctive relief.

48.    *Typicality*. Fed. R. Civ. P. 23(a)(3).  Plaintiffs' claims are typical of those of other Class Members because Plaintiffs' PII, like that of every other Class Member, was misused and/or disclosed by Defendant.

49.    *Adequacy of Representation*. Fed. R. Civ. P. 23(a)(4).  Plaintiffs will fairly and adequately represent and protect the interests of the members of the Classes.  Plaintiffs have retained competent counsel experienced in litigation of class actions, including consumer and data breach class actions, and Plaintiffs intend to prosecute this action vigorously.   Plaintiffs' claims are typical of the claims of other members of the Classes and Plaintiffs has the same non-conflicting interests as the other Class Members.  Therefore, the interests of the Classes will be fairly and adequately represented by Plaintiffs and his counsel.

50.    *Superiority of Class Action*. Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Classes is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims.  There will be no difficulty in the management of this action as a class action.

51.     Damages for any individual class member are likely insufficient to justify the cost of individual litigation so that, in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go un-remedied.

52.     Class certification is also appropriate under Fed. R. Civ. P. 23(a) and (b)(2), because Defendant has acted or refused to act on grounds generally applicable to the Classes, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Classes as a whole.

## FIRST CLAIM FOR RELIEF

### Breach of Contract

(On Behalf of Plaintiffs, and all of the Classes)

53.     Plaintiffs allege and incorporates herein by reference each and every allegation contained in paragraphs 1 through 52, inclusive, of this Complaint as if set forth fully herein.

54.     Defendant solicited and invited Plaintiffs and the members of the Classes to reserve hotel rooms in one of Defendant's hotels.  Plaintiffs and Class Members accepted Defendant's offers and reserved hotel rooms at one of Defendant's hotels.

55.     When Plaintiffs and Class Members reserved hotel rooms at one of Defendant's hotels, they provided their PII at Defendant's request.  During the reservation of rooms with Defendant, they were required to accept the Privacy Statement.

56.     The Privacy Statement provided, among other things, Defendant promised that Plaintiffs' and Class Members' PII would be secure and kept confidential.  Specifically, Defendant stated "[w]e are committed to protecting the confidentiality and security of the information that you provide to us." Ex. A.

57.     The Privacy Statement constituted a clear contractual promise to safeguard and protect the Class Members' PII from disclosure to third parties.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

58.    Each reservation by Plaintiffs and Class Members was made pursuant to the mutually agreed-upon contract with Defendant under which Defendant agreed to safeguard and protect Plaintiffs' and Class Members' PII.

59.    Plaintiffs and Class Members would not have provided and entrusted their PII to Defendant in the absence of the contract.

60.    Plaintiffs and Class Members would not have reserved rooms with Defendant if they knew that they could not rely on the Privacy Statement.  Plaintiffs and Class Members did not rely on any other statements or contracts, aside from the Privacy Statement.

61.    Plaintiffs and Class Members fully performed their obligations under the contracts with Defendant.

62.    Defendant breached the contract which was made with Plaintiffs and Class Members by failing to safeguard and protect the PII of Plaintiffs and Class Members.  It further breached its contract when it disclosed the PII of Plaintiffs and Class Members to unauthorized parties.

63.    Plaintiffs and Class Members have lost the benefit of the bargain by failing to enjoy the protection of their PII as promised in the contract, as instead their PII was compromised at every reservation.  Further, Plaintiffs and Class Members have spent more on booking Defendant's rooms than they would have if they had known that Defendant was not providing the reasonable security that Plaintiffs and Class Members expected.  Plaintiffs and Class Members would also not have reserved rooms with Defendant if proper disclosure of their PII being stolen would have been known.

64.    As a direct and proximate result of Defendant's breaches of the contracts between Defendant and Plaintiffs and Class Members, Plaintiffs and Class Members sustained actual losses and damages in an amount according to proof at trial but in excess of the minimum jurisdictional requirement of this Court.  At a minimum, Plaintiffs and Class Members allege loss of money for the hotel

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

reservation, overpayment to the hotel reservation, imminent, immediate, and continuing risk of identity theft-related harm, and loss of value of their PII.

## SECOND CLAIM FOR RELIEF

### Violation of Cal. Civil Code § 1798.81.5(c)

(On Behalf of Plaintiffs, and the California Class)

65.    Plaintiffs repeat and incorporate herein by reference each and every allegation contained in paragraphs 1 through 51, inclusive, of this Complaint as if set forth fully herein.

66.    Cal. Civ. Code §1798.81.5(b) requires that "A business that owns, licenses, or maintains personal information about a California resident shall implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure."

67.    Plaintiffs and the Class Members are "customer[s]" within the meaning of Cal. Civil Code §1798.80(c) and are California residents.

68.    Defendant is a "business" within the meaning of Cal. Civil Code §1798.80(a).

69.    Plaintiffs and the Class Members' PII constitutes "personal information" within the meaning of Cal. Civil Code § 1798.80(e).

70.    Defendant violated Cal. Civ. Code § 1798.81.5(b) by failing to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect Plaintiffs and the Class Members' PII from unauthorized access, destruction, use, modification, or disclosure as evidenced by the fact that the security of Plaintiffs and the Class Members' PII was compromised and exposed to at least one unauthorized party and perhaps more.

71.    As a direct and proximate result of Defendant's violation of Cal. Civ. Code §1798.81.5(b), Plaintiffs and the Class Members' PII was compromised and exposed in connection with the data breach.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

72.    As a result of the data breach and the exposure of their PII to unauthorized third parties, Plaintiffs and the Class Members have been placed at an imminent, immediate, and continuing risk of identity theft-related harm and are thereby entitled to recover compensatory damages in an amount according to proof at trial pursuant to Cal. Civ. Code §1798.84(b).

## THIRD CLAIM FOR RELIEF

**Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code § 17200 Unlawful Business Practices**

(On Behalf of Plaintiffs and the California Class)

73.    Plaintiffs allege and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 51, inclusive, of this Complaint as if set forth fully herein.

74.    Defendant has violated Cal. Bus. & Prof. Code § 17200 *et seq*. by engaging in unlawful business acts and practices that constitute acts of "unfair competition" as defined in Cal. Bus. & Prof. Code § 17200.

75.    Defendant violated Cal. Civ. Code § 1798.81.5(b) by failing to implement and maintain reasonable security procedures and practices appropriate to the nature of Plaintiffs and the Class Members' PII to protect their PII from unauthorized access, destruction, use, modification, or disclosure.

76.    Pursuant to the Federal Trade Commission Act (15 U.S.C. §45), Defendant had a duty to provide fair and adequate computer systems and data security practices to safeguard Plaintiffs' and the Class Members' PII.

77.    Defendant breached its duties to Plaintiffs and the Class Members under the Federal Trade Commission Act (15 U.S.C. § 45).

78.    Section 5 of the FTC Act prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Defendant, of failing to use reasonable measures to protect Private Information.  The FTC publications and orders described above also

form part of the basis of Defendant's duty in this regard.

79.     Defendant violated Section 5 of the FTC Act by failing to use reasonable measures to protect Private Information and not complying with applicable industry standards, as described herein.   Defendant's conduct was particularly unreasonable given the nature and amount of PII in its stores obtained and stored, and the foreseeable consequences of a data breach at a hotel chain as large as Defendant's, including, specifically, the damages that would result to Plaintiffs and Class members.

80.     As a direct and proximate result of Defendant's unlawful acts and practices, Plaintiffs and the Class Members were injured and lost money or property, including but not limited to the reservation fees that they paid to Defendant and the loss of their legally protected interest in the confidentiality and privacy of their PII.   Further, Plaintiffs and Class Members had relief on Defendant's Privacy Statement and they lost the benefit of the bargain as they were not disclosed or aware of the data breach or the theft of their PII at the time of the booking, and had they known, they would not have reserved rooms with Defendant.

81.     Plaintiffs and the Class Members seek disgorgement and restitution to Plaintiffs and the Class Members of money or property that Defendant acquired from Plaintiffs and the Class Members by means of its unlawful business practices.

82.     Plaintiffs and the Class Members also seek injunctive relief against Defendant.

## FOURTH CLAIM FOR RELIEF

### Violation of Arizona Consumer Fraud Act,

### A.R.S. §§ 44-1521, *et seq.*

(On Behalf of Plaintiff Jake Thomas and the Arizona Class)

83.     Plaintiff alleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 51, inclusive, of this Complaint as if set forth fully herein.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1    84.    Defendant is a "person" as defined by A.R.S. § 44-1521(6).

2    85.    Defendant advertised, offered, or sold goods or services in Arizona and

3    engaged in trade or commerce directly or indirectly affecting the people of Arizona.

4    86.    Defendant engaged in deceptive and unfair acts and practices,

5    misrepresentation, and the concealment, suppression, and omission of material facts

6    affecting the people of Arizona in connection with the sale and advertisement of

7    "merchandise" (as defined in Arizona Consumer Fraud Act, A.R.S. § 44-1521(5))

8    in violation of A.R.S. § 44-1522(A), including:

9              i.    Failing to implement and maintain reasonable security and

10                   privacy measures to protect Plaintiff and Arizona Class

11                   Members' PII, which was a direct and proximate cause of the

12                   data breach;

13             ii.   Failing to identify foreseeable security and privacy risks,

14                   remediate identified security and privacy risks, and adequately

15                   improve security and privacy measures following previous

16                   cybersecurity incidents, which was a direct and proximate cause

17                   of the data breach;

18            iii.   Failing to comply with common law and statutory duties

19                   pertaining to the security and privacy of Plaintiff and Arizona

20                   Class members' PII, including duties imposed by the FTC Act,

21                   direct and proximate cause of the data breach;

22            iv.    Misrepresenting that it would protect the privacy and

23                   confidentiality of Plaintiff and Arizona Class members' PII,

24                   including by implementing and maintaining reasonable security

25                   measures;

26             v.    Misrepresenting that it would comply with common law and

27                   statutory duties pertaining to the security and privacy of Plaintiff

28                   and Arizona Class members' PII, including duties imposed by

the FTC Act, 15 U.S.C. § 45;

vi. Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiff and Arizona Class members' Personal Information; and

vii. Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiff and Arizona Class members' PII, including duties imposed by the FTC Act, 15 U.S.C. § 45.

87.     Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' PII.

88.     Defendant intended to mislead Plaintiff and Arizona Class members and induce them to rely on its misrepresentations and omissions.

89.     Had Defendant disclosed to Plaintiffs and Class members that its data systems were not secure and, thus, vulnerable to attack, Defendant would have been unable to continue in business and it would have been forced to adopt reasonable data security measures and comply with the law. Instead, Defendant held itself out as one of the premiere hotels and was trusted with sensitive and valuable PII regarding hundreds of millions of consumers, including Plaintiff and the Arizona Class.

90.     Defendant acted intentionally, knowingly, and maliciously to violate Arizona's Consumer Fraud Act, and recklessly disregarded Plaintiffs and Arizona Class members' rights.

91.     As a direct and proximate result of Defendant's unfair and deceptive acts and practices, Plaintiff and Arizona Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their PII.

92.     Plaintiff and Arizona Class members seek all monetary and nonmonetary relief allowed by law, including compensatory damages; disgorgement; punitive damages; injunctive relief; and reasonable attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF

### Violation of Colorado Consumer Protection Act,
### Colo. Rev. Stat. §§ 6-1-101, *et seq.*

(On Behalf of Plaintiff Jake Thomas and the Colorado Class)

93.     Plaintiff alleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 51, inclusive, of this Complaint as if set forth fully herein.

94.     Defendant is a "person" as defined by Colo. Rev. Stat. § 6-1-102(6).

95.     Defendant engaged in "sales" as defined by Colo. Rev. Stat. § 6-1-102(10).

96.     Plaintiff and Colorado Class members, as well as the general public, are actual or potential consumers of the products and services offered by Defendant or successors in interest to actual consumers.

97.     Defendant engaged in deceptive trade practices in the course of its business, in violation of Colo. Rev. Stat. § 6-1-105(1), including:

    i. Knowingly making a false representation as to the characteristics of services;

    ii. Representing that services are of a particular standard, quality, or grade, though Defendant knew or should have known that there were or another;

    iii. Advertising services with intent not to sell them as advertised; and

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

iv.  Failing to disclose material information concerning its services which was known at the time of an advertisement or sale when the failure to disclose the information was intended to induce the consumer to enter into the transaction.

98.  Defendant's deceptive trade practices include:

i.  Failing to implement and maintain reasonable security and privacy measures to protect Plaintiff and Colorado Class members' PII, which was a direct and proximate cause of the data breach;

ii.  Failing to identify foreseeable security and privacy risks, remediate identified security and privacy risks, and adequately improve security and privacy measures, which was a direct and proximate cause of the Defendant data breach;

iii.  Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiff and Colorado Class members' PII, including duties imposed by the FTC Act, 15 U.S.C. § 45;

iv.  Misrepresenting that it would protect the privacy and confidentiality of Plaintiff and Colorado Subclass members' PII, including by implementing and maintaining reasonable security measures;

v.  Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiff and Colorado Class members' PII, including duties imposed by the FTC Act, 15 U.S.C. § 45;

vi.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiff and Colorado Class members' PII; and

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

vii. Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiff and Colorado Class members' PII.

99.    Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' PII.

100.    Defendant intended to mislead Plaintiff and Arizona Class members and induce them to rely on its misrepresentations and omissions.

101.    Had Defendant disclosed to Plaintiffs and Class members that its data systems were not secure and, thus, vulnerable to attack, Defendant would have been unable to continue in business and it would have been forced to adopt reasonable data security measures and comply with the law. Instead, Defendant held itself out as one of the premiere hotels and was trusted with sensitive and valuable PII regarding hundreds of millions of consumers, including Plaintiff and the Colorado Class.

102.    Defendant acted intentionally, knowingly, and maliciously to violate Colorado's Consumer Protection Act, and recklessly disregarded Plaintiffs and Arizona Class members' rights.

103.    As a direct and proximate result of Defendant's unfair and deceptive acts and practices, Plaintiff and Arizona Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their PII.

104.    Plaintiff and Colorado Subclass members seek all monetary and nonmonetary relief allowed by law, including the greater of: (a) actual damages, or (b) $500, or (c) three times actual damages (for Defendant's bad faith conduct);

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1  injunctive relief; and reasonable attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF

### Violation of Pennsylvania Unfair Trade Practices and

### Consumer Protection Law,

### 73 Pa. Cons. Stat. §§ 201-2 & 201-3, *et seq.*

(On Behalf of Plaintiff Jake Thomas and the Pennsylvania Class)

105.    Plaintiff alleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 51, inclusive, of this Complaint as if set forth fully herein.

106.    Defendant is a "person", as meant by 73 Pa. Cons. Stat. § 201-2(2).

107.    Plaintiff and Pennsylvania Class members purchased goods and services in "trade" and "commerce," as meant by 73 Pa. Cons. Stat. § 201-2(3).

108.    Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of its trade and commerce in violation of 73 Pa. Cons. Stat. Ann. § 201-3, including the following:

    i.   Representing that its goods and services have characteristics, uses, benefits, and qualities that they do not have (73 Pa. Stat. Ann. § 201-2(4)(v));

    ii.  Representing that its goods and services are of a particular standard or quality if they are another (73 Pa. Stat. Ann. § 201-2(4)(vii)); and

    iii. Advertising its goods and services with intent not to sell them as advertised (73 Pa. Stat. Ann. § 201-2(4)(ix)).

109.    Defendant's unfair or deceptive acts and practices include:

    i.   Failing to implement and maintain reasonable security and privacy measures to protect Plaintiff and Pennsylvania Class members' Personal Information, which was a direct and proximate cause of the data breach;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

ii. Failing to identify foreseeable security and privacy risks, remediate identified security and privacy risks, and adequately improve security and privacy measures following previous cybersecurity incidents, which was a direct and proximate cause of the data breach;

iii. Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiff and Pennsylvania Class members' Personal Information;

iv. Misrepresenting that it would protect the privacy and confidentiality of Plaintiff and Pennsylvania Class members' Personal Information, including by implementing and maintaining reasonable security measures;

v. Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiff and Pennsylvania Class members' PII;

vi. Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiff and Pennsylvania Class members' PII; and

vii. Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiff and Pennsylvania Class members' Personal Information.

110.   Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' PII.

111.   Defendant intended to mislead Plaintiff and Pennsylvania Class members and induce them to rely on its misrepresentations and omissions.

112.   Had Defendant disclosed to Plaintiffs and Class members that its data

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

systems or associated companies' systems were not secure and, thus, vulnerable to attack, Defendant would have been unable to continue in business and it would have been forced to adopt reasonable data security measures and comply with the law.

113.    Defendant acted intentionally, knowingly, and maliciously to violate Pennsylvania Unfair Trade Practices and Consumer Protection Law, and recklessly disregarded Plaintiff and Pennsylvania Class members' rights. Defendant's numerous past data breaches put it on notice that its security and privacy protections were inadequate.

114.    As a direct and proximate result of Defendant's unfair methods of competition and unfair or deceptive acts or practices and Plaintiff's and the Pennsylvania Class' reliance on them, Plaintiff and Pennsylvania Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their PII.

115.    Plaintiff and Pennsylvania Class members seek all monetary and non-monetary relief allowed by law, including actual damages or statutory damages of $100 (whichever is greater), treble damages, attorneys' fees and costs, and any additional relief the Court deems necessary or proper.

## SEVENTH CLAIM FOR RELIEF

### Violation of New York General Business Law,

### N.Y. Gen. Bus. Law §§ 349, *et seq.*

(On Behalf of Plaintiff Jake Thomas and the New York Class)

116.    Plaintiff alleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 51, inclusive, of this Complaint as if set forth fully herein.

117.    Defendant engaged in deceptive acts or practices in the conduct of its

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

business, trade, and commerce or furnishing of services, in violation of N.Y. Gen. Bus. Law § 349, including:

    i. Failing to implement and maintain reasonable security and privacy measures to protect Plaintiff and New York Class members' Personal Information, which was a direct and proximate cause of the data breach;

    ii. Failing to identify foreseeable security and privacy risks, remediate identified security and privacy risks, and adequately improve security and privacy measures following previous cybersecurity incidents, which was a direct and proximate cause of the data breach;

    iii. Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiff and New York Class Members' PII;

    iv. Misrepresenting that it would protect the privacy and confidentiality of Plaintiff and New York Class members' PII, including by implementing and maintaining reasonable security measures;

    v. Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiff and New York Class members' PII; and

    vi. Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiff and Class members' PII.

118. Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' PII.

119.   Defendant acted intentionally, knowingly, and maliciously to violate New York's General Business Law, and recklessly disregarded Plaintiff and New York Class members' rights.

120.   As a direct and proximate result of Defendant's deceptive and unlawful acts and practices, Plaintiff and New York Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their PII.

121.   Defendant's deceptive and unlawful acts and practices complained of herein affected the public interest and consumers at large, including the millions of New Yorkers affected by the data breach.

122.   The above deceptive and unlawful practices and acts by Defendant caused substantial injury to Plaintiff and New York Subclass members that they could not reasonably avoid.

123.   Plaintiff and New York Subclass members seek all monetary and non-monetary relief allowed by law, including actual damages or statutory damages of $50 (whichever is greater), treble damages, injunctive relief, and attorney's fees and costs.

## EIGHTH CLAIM FOR RELIEF

### Violation of Texas' Deceptive Trade Practices – Consumer Protection Act, Texas Bus. & Com. Code §§ 17.41, *et seq.*

(On Behalf of Plaintiff Jake Thomas and the Texas Class)

124.   Plaintiff alleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 51, inclusive, of this Complaint as if set forth fully herein.

125.   Defendant is a "person," as defined by Tex. Bus. & Com. Code §

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1   17.45(3).

2       126.    Plaintiff and the Texas Class members are "consumers," as defined by

3   Tex. Bus. & Com. Code § 17.45(4).

4       127.    Defendant advertised, offered, or sold goods or services in Texas and

5   engaged in trade or commerce directly or indirectly affecting the people of Texas,

6   as defined by Tex. Bus. & Com. Code § 17.45(6).

7       128.    Defendant engaged in false, misleading, or deceptive acts and

8   practices, in violation of Tex. Bus. & Com. Code § 17.46(b), including:

9           i.   Representing that goods or services have sponsorship, approval,

10              characteristics, ingredients, uses, benefits or quantities that they

11              do not have;

12          ii.  Representing that goods or services are of a particular standard,

13              quality or grade, if they are of another; and

14          iii. Advertising goods or services with intent not to sell them as

15              advertised.

16      129.    Defendant's false, misleading, and deceptive acts and practices

17  include:

18          i.   Failing to implement and maintain reasonable security and

19              privacy measures to protect Plaintiff and Texas Class members'

20              PII, which was a direct and proximate cause of the data breach;

21          ii.  Failing to identify foreseeable security and privacy risks,

22              remediate identified security and privacy risks, and adequately

23              improve security and privacy measures following previous

24              cybersecurity incidents, which was a direct and proximate cause

25              of the data breach;

26          iii. Failing to comply with common law and statutory duties

27              pertaining to the security and privacy of Plaintiff and Texas

28              Class members' PII;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

iv.  Misrepresenting that it would protect the privacy and confidentiality of Plaintiff and Texas Class members' PII, including by implementing and maintaining reasonable security measures;

v.  Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiff and Texas Subclass members' PII;

vi.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiff and Texas Class members' PII; and

vii.  Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiff and Texas Class members' PII.

130.  Defendant intended to mislead Plaintiff and Texas Class members and induce them to rely on its misrepresentations and omissions.

131.  Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' PII.

132.  Defendant engaged in unconscionable actions or courses of conduct, in violation of Tex. Bus. & Com. Code Ann. § 17.50(a)(3). Defendant engaged in acts or practices which, to consumers' detriment, took advantage of consumers' lack of knowledge, ability, experience, or capacity to a grossly unfair degree.

133.  Consumers, including Plaintiff and Texas Class members, lacked knowledge about deficiencies in Defendant's data security because this information was known exclusively by Defendant.  Consumers also lacked the ability, experience, or capacity to secure the PII in Defendant's possession or to fully protect their interests with regard to their data.  Plaintiff and Texas Class members

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

lack expertise in information security matters and do not have access to systems in order to evaluate its security controls. Defendant took advantage of its special skill and access to PII to hide its inability to protect the security and confidentiality of Plaintiffs and Texas Class members' PII.

134.   Defendant intended to take advantage of consumers' lack of knowledge, ability, experience, or capacity to a grossly unfair degree, with reckless disregard of the unfairness that would result. The unfairness resulting from Defendant's conduct is glaringly noticeable, flagrant, complete, and unmitigated. The data breach, which resulted from Defendant's failure to secure its own systems or those for which it provides customer PII to, exposed Plaintiff and Texas Class members to a wholly unwarranted risk to the safety of their PII and the security of their identity or credit, and worked a substantial hardship on a significant and unprecedented number of consumers.  Plaintiff and Texas Class members cannot mitigate this unfairness because they cannot undo the data breach.

135.   As a direct and proximate result of Defendant's unconscionable and deceptive acts or practices, Plaintiff and Texas Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their PII.  Defendant's unconscionable and deceptive acts or practices were a producing cause of Plaintiff's and Texas Class members' injuries, ascertainable losses, economic damages, and non-economic damages, including their mental anguish.

136.   Defendant's violations present a continuing risk to Plaintiffs and Texas Class members as well as to the general public.

137.   Plaintiff and the Texas Class seek all monetary and non-monetary relief allowed by law, including economic damages; damages for mental anguish; treble damages for each act committed intentionally or knowingly; court costs;

reasonably and necessary attorneys' fees; injunctive relief; and any other relief which the court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all of the Class Members, respectfully requests that the Court enter judgment in his favor and against Defendant as follows:

A.  For an Order certifying the Classes as defined herein and appointing Plaintiffs and his Counsel to represent the Classes;

B.  For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and Class Members' PII, and from refusing to issue prompt, complete, and accurate disclosures to Plaintiffs and Class Members;

C.  For equitable relief compelling Defendant to utilize appropriate methods and policies with respect to consumer data collection, storage, and safety and to disclose with specificity to Class Members the type of PII compromised.

D.  For restitution and disgorgement of the revenues wrongfully obtained as a result of Defendant's wrongful conduct;

E.  For an award of actual damages, statutory damages and compensatory damages, in an amount to be determined at trial;

F.  For an award of costs of suit, litigation expenses and attorneys' fees, as allowable by law; and

G.  For such other and further relief as this Court may deem just and proper.

/ / /

/ / /

/ / /

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiffs, on behalf of himself and all others similarly situated, hereby

3  demands a jury trial for all claims so triable.

4

5  Dated: April 5, 2019                     Respectfully Submitted,

6

7

8                                            /s/ *Thiago M. Coelho*

9                                            Thiago M. Coelho
                                             Bobby Saadian

10                                           Robert J. Dart
                                             Justin F. Marquez

11                                           *Attorneys for Plaintiffs*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL